# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, LLC, : | |
| f/k/a AAMCO TRANSMISSIONS, INC.,: | CIVIL ACTION |
| *Petitioner*, : | |
| : | |
| v. : | |
| : | |
| : | Case No. 20-6114 |
| DANIEL WINARD and D&S : | |
| CONSOLIDATED., : | |
| *Respondents*. : | |

## Memorandum

**Kenney, J.**                                                                                         **June 28, 2021**

Petitioner AAMCO Transmissions, LLC f/k/a AAMCO Transmissions, Inc., filed a Petition to Confirm the Arbitration Award by an arbitrator of JAMS and a judgment consistent with that award. ECF No. 1. Respondents Daniel Winard and D&S Consolidated have not filed a Response to the Petition. Presently before the Court is Petitioner's Motion for Default Judgment. *See* ECF No. 11.

**I.    BACKGROUND**

In 2014, respondents, as franchisee and guarantor, and AAMCO, as franchisor, entered into a written franchise agreement ("Agreement") under which respondents agreed to open and operate a franchised AAMCO center in Albuquerque, New Mexico. Petition, ECF No. 1, ¶ 10. The Agreement contained an agreement to arbitrate requiring the parties to arbitrate "any claim arising out of or related to this Agreement or the making, performance, breach, or interpretation of this Agreement. . . at the JAMS office

in Philadelphia, Pennsylvania." ECF No. 1, Ex. 1 at 39. The Agreement includes a provision for confirmation of the Award in Court. *Id.*

According to the Petition, Respondents abandoned their franchise location on or about February 15, 2019, before the scheduled term of the Agreement expired. *Id.* ¶ 11. AAMCO thereafter submitted an arbitration demand before JAMS. *Id.* ¶ 12. Respondents were served with the demand and scheduling order and initially participated in the arbitration. *Id.* ¶ 13. However, respondents did not participate in the evidentiary hearing despite due notice in accordance with the arbitrator's rules. *Id.* ¶ 15. The arbitrator rendered a final award in the arbitration on March 30, 2020, in which the arbitrator awarded AMMCO:

1. Damages in the sum of $229,089.96 and attorney's fees and costs in the sum of $18,417.13; and
2. Reimbursement of administrative fees and arbitrator compensation in the sum of $8,985.61.

*Id.* ¶ 17; ECF No. 1, Ex. 2.

Under Section 12 of the Federal Arbitration Act (FAA), respondents had three months – until June 30, 2020 – to challenge the Award under Sections 10 or 11 of the FAA. *See* 9 U.S.C. § 12; *id.* §§ 10, 11. The award has not been vacated, modified, or corrected under Sections 10 or 11 of the FAA, and the time to do so has now expired. Petitioner has timely brought this petition to confirm the arbitration award. *See* 9 U.S.C. § 9 (allowing petitions to confirm arbitration awards within one year after the award is made); Compl. ¶ 16 (noting the arbitration award was made on March 30, 2020); ECF No. 1 (demonstrating the complaint was filed on December 3, 2020).

## II. LEGAL STANDARD

As an initial matter, default judgments are generally inappropriate in matters to confirm arbitration awards. *See Intellisystem, LLC v. McHenry*, No. 19-1359, 2019 WL 2715373, at *2 (E.D. Pa. 2019) (collecting cases). Because petitions to confirm include a record from the underlying arbitration proceeding, courts have treated motions for default judgment as unopposed motions for summary judgment. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006). The Court will do so here.

## III. DISCUSSION

A district court's role in the arbitration process is limited. "[W]hen enforcement of an arbitration award is sought[,] . . . the [FAA] authorizes the district court to confirm, vacate, or modify the award under a narrow scope of judicial review." *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) (quoting *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998)). The FAA provides in relevant part that this Court "<u>must</u> grant" a timely request for an arbitration award unless the award is vacated, modified, or corrected under other provisions of the Act. 9 U.S.C. § 9 (emphasis added). Absent any dispute about the arbitration award, "[b]y a truncated summary proceeding, the FAA directs district courts to give their imprimatur to arbitration awards by converting them into enforceable judgments of the court." *Teamsters Local 177*, 966 F.3d at 251. "Once confirmed, an arbitration award becomes a judgment of the court, entitled to 'the same force and effect, in all respects, as, and ... subject to all the provisions of law relating to, a judgment in [any other] action.'" *Id* (quoting § 13).

It is the challenging party's burden to establish the grounds on which an arbitration award may be overturned or modified, and that party is required to do so within three months of the date of the award. 9 U.S.C. § 12. Respondents did not do so. As Respondents have failed to even appear, they have also not alleged in this proceeding to confirm the Award that any of the statutory bases for vacating the Award exist. Nor, even if they had raised such objections in this proceeding, would they have been successful. *See Serv. Emp. Int'l Union*, 670 F.2d at 412 ("[I]f a defendant has important defenses to an arbitration award he should raise them within the period prescribed for actions to vacate rather than wait to raise them as defenses in a confirmation proceeding.").

In this case, the Agreement provides in relevant part that:

> [J]udgment upon the award of the arbitration may be entered in the court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the award or an order of enforcement, and the parties submit themselves to the jurisdiction of any such competent jurisdiction for the entry and enforcement of the award.

ECF No. 1, Ex. 1, at 39. The parties also agreed that any arbitrations will be conducted in Philadelphia. *Id.* As such, AAMCO's Petition to Confirm Arbitrator's Award was properly filed with this Court according to the terms of the parties' Agreement and the FAA. AAMCO filed its petition on December 3, 2020, within the one-year timeframe provided by the FAA for the submission of an application for confirmation of the Award. Nor, upon the Court's review, is there reason to believe that the arbitration award was improper.

The Court will accordingly grant AAMCO's unopposed Petition to confirm the arbitration Award. The Court will also, pursuant to 9 U.S.C. § 13, enter judgment in favor of AAMCO, as set forth in the Award.

IV. **CONCLUSION**

For the reasons set forth above, the Court will grant AAMCO's Petition to Confirm Arbitration Award and will enter judgment in favor of AAMCO, as set forth in the Arbitrator's Award. An appropriate Order follows this Memorandum.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**